IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

LAURA VERA                          §
                                    §
vs.                                 §          CIVIL ACTION
                                    §
                                    §          NO. _____
                                    §
HOMESITE INSURANCE COMPANY          §
                                    §
                                    §

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446(a), Defendant Homesite Insurance Company

("Homesite") files this Notice of Removal of the above-described action to the United States

District Court for the Western District of Texas, Del Rio Division, and in support therefore

respectfully states the following:

## I.

1.      Homesite is a Defendant in a first-party homeowners insurance coverage lawsuit in

Texas state court arising out of a claim for damage by wind and hail to Plaintiff's property located

in Crystal City, Texas. Plaintiff asserts claims for breach of contract, violations of Texas Insurance

Code Chapters 541 and 542, and common law bad faith in connection with her homeowner's

insurance claim.

2.      Defendant Homesite desires to exercise its statutory right pursuant to 28 U.S.C.

§1441 et seq. to remove the state court action to this Federal Court. The state suit is styled *Laura*

*Vera v. Homesite Insurance Company*, Cause No. 24-04-15377-ZCV, originally filed in the 365th

<u>**NOTICE OF REMOVAL**</u>                                              **Page 1**

Judicial District Court of Zavala County, Texas ("State Court Action"). *See State Court Action* (attached).

3.      Plaintiff filed her Original Petition in the State Court Action on April 12, 2024. Defendant Homesite was served by certified mail, return receipt requested, through its registered agent. Homesite's registered agent received the citation and a copy of the State Court petition on April 23, 2024. Defendant Homesite's notice of removal is being filed within thirty days; therefore, this matter is being timely removed under 28 U.S.C. § 1446(b)(1).

## II.
## Basis for Removal

4.      Removal is proper because there is complete diversity among the parties and the actual amount in controversy exceeds $75,000, as established by the State Court Action.

5.      Plaintiff Laura Vera is a natural person and citizen of Texas. *See State Court Action* at para. 2. Her residence is located in Zavala County, Texas.

6.      Defendant Homesite Insurance Company has entered an appearance in the State Court Action. *See Defendant's Original Answer*.

7.      Homesite Insurance Company is a for-profit corporation incorporated under the laws of the State of Wisconsin with its principal place of business in the State of Massachusetts at 1 Federal Street, Suite 400, Boston, MA 02110-2003. This address is the company's home office and where its activities are directed, controlled and coordinated. Defendant Homesite is therefore a citizen of Wisconsin and Massachusetts.

8.    The State Court Action seeks "monetary relief over $250,000 not more than $1,000,000." *State Court Action* at Prayer. This establishes that the actual amount in controversy exceeds $75,000.

9.    The removal is proper under 28 U.S.C. §§ 1441 and 1446(b). The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the parties are diverse of citizenship and the actual amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

10.    Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

11.    Attached hereto are (1) an index of all attached documents and (2) a complete list of all counsel of record in the action. Defendant has requested a copy of the Docket Sheet in the State Court action and will immediately supplement this Notice with all new information received, including any other executed process and pleadings (excluding discovery material) filed in the State Court Action.

## III.
## Jury Demand

12.    Plaintiff and Defendant demanded a jury in the State Court Action.

## IV.
## Conclusion

WHEREFORE, pursuant to the foregoing statutes and in conformance with the requirements as set forth in 28 U.S.C. § 1446, Defendant Homesite Insurance Company requests the case styled *Laura Vera v. Homesite Insurance Company*, Cause No. 24-04-15377-ZCV,

originally filed in the 365th Judicial District Court of Zavala County, Texas, to be removed to the

United States District Court for the Western District of Texas, Del Rio Division.

Respectfully submitted,

BY: _____

Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT
HOMESITE INSURANCE COMPANY


## CERTIFICATE OF SERVICE

On May 23, 2024, I electronically submitted the foregoing document with the clerk of court of the U.S. District Court, Western District of Texas, using the electronic case files system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____
MICHAEL A. HUMMERT

# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. 24-04-15377-ZCV
## *Laura Vera*
### *vs.*
## *Homesite Insurance Company*

# IN THE 365TH JUDICIAL DISTRICT COURT OF ZAVALA COUNTY, TEXAS

**333**

A.    Index of Documents filed in State Court Action, Cause No. 24-04-015377-ZCV

B.    Plaintiff's Original Petition filed April 12, 2024

C.    Notice of Service of Process on Homesite Insurance Company

D.    Defendant's Original Answer filed May 3, 2024

E.    Defendant's Jury Demand filed May 3, 2024

F.    Letter to Clerk requesting Citation

G.    Attorneys of Record

# EXHIBIT A

# EXHIBIT 1-2
# INDEX OF DOCUMENTS
# FILED IN STATE COURT ACTION

### CAUSE NO. 24-04-15377-ZCV

| | | |
|---|---|---|
| **LAURA VERA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **365ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **HOMESITE INSURANCE COMPANY** | § | **ZAVALA COUNTY, TEXAS** |

| Removal Exhibit | Date Filed | Document Filed |
|---|---|---|
| **1-1** | April 12, 2024 | Plaintiff's Original Petition |
| **1-2** | April 12, 2024 | Plaintiff's Letter for Request for Service |
| **1-3** | May 3, 2024 | Defendant's Original Answer |
| **1-4** | May 3, 2024 | Defendant's Jury Demand |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**EXHIBIT 1-2**                                            **INDEX OF STATE COURT FILINGS**

# EXHIBIT B

Filed 4/12/2024 10:59 AM
Rachel P. Ramirez
District Clerk
Zavala County, Texas
Martina Delgado

CAUSE NO.<u>     24-04-15377-ZCV     </u>

| | | |
|---|---|---|
| **LAURA VERA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | <u>365th</u>**JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **HOMESITE INSURANCE** | § | |
| **COMPANY,** | § | **ZAVALA COUNTY, TEXAS** |
| *Defendant* | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **LAURA VERA** ("Plaintiff"), and files this Plaintiff's Original Petition,

complaining of **HOMESITE INSURANCE COMPANY** ("Defendant"), and for cause of action,

Plaintiff would respectfully show their Honorable Court the following:

### DESIGNATED SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address

for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R.

Civ.P.21(f)(2) and 21(a): wwatson@ccatriallaw.com, egutierrez@ccatriallaw.com and

klinares@ccatriallaw.com. As such, these are the **ONLY** electronic email addresses and

undersigned counsel does **NOT** accept service through any other email address but requests a copy

of all electronically served documents and notices, filed and unfiled be sent to

scarrigan@ccatriallaw.com or danderson@ccatriallaw.com.

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas

    Rules of Civil Procedure. This case involves complex issues and will require extensive

discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2. Plaintiff **LAURA VERA** is an individual residing in Zavala County, Texas.

3. Defendant **HOMESITE INSURANCE COMPANY** is a domestic insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant **HOMESITE INSURANCE COMPANY** because the defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the Defendant's business activities in the State of Texas.

## VENUE

6. The venue is proper in Zavala County, Texas, because the insured property is situated in Zavala County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiff is the owner of a Texas Homeowners' Insurance Policy number 38411487 (hereinafter referred to as "the Policy"), which was issued by **HOMESITE INSURANCE COMPANY**.

Page 2

8.    Plaintiff owns the insured property, which is specifically located at 1523 John F. Kennedy Drive, Crystal City, Texas 78839, in Zavala County (hereinafter referred to as "the Property").

9.    Defendant **HOMESITE INSURANCE COMPANY** sold the Policy insuring the Property to Plaintiff.

10.    On or about May 25, 2022, a massive hailstorm struck Zavala County, Texas and surrounding areas including Plaintiff's property.  Plaintiff's roof and the interior of the home sustained extensive damage during the hailstorm. Specifically, the ceiling was severely damaged. Plaintiff asked that **HOMESITE INSURANCE COMPANY** cover the cost of repairs to the Property pursuant to the Policy.

11.    The claim number assigned by **HOMESITE INSURANCE COMPANY** is 01-005-284208.

12.    Defendant **HOMESITE INSURANCE COMPANY** assigned an adjuster to adjust Plaintiff's claim. The adjuster assigned was improperly trained and failed to perform a reasonable or adequate inspection of Plaintiff's damages. During the course of their inspection, the adjuster made the executive decision to severely underscope and undervalue the damage to both the exterior and interior of the home. The adjuster severely undervalued the damage to the roof of the home. As well as failing to adequately consider damage to the interior of the home. Defendant **HOMESITE INSURANCE COMPANY** agreed with and adopted the adjuster's undervalued and erroneous evaluation of Plaintiff's damages as its own and ultimately denied payment to Plaintiff based on that evaluation.

13.    As a result of the adjuster's unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the

damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair her property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim has also caused a delay in her ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy.

14.    As detailed in the paragraphs below, **HOMESITE INSURANCE COMPANY** wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, **HOMESITE INSURANCE COMPANY** underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15.    To date, **HOMESITE INSURANCE COMPANY** continues to delay the payment for the damages to the property. As such, Plaintiff has not been paid any amount for the damages to her property.

16.    Defendant **HOMESITE INSURANCE COMPANY** failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. **HOMESITE INSURANCE COMPANY**'s conduct constitutes a breach of the insurance contract between **HOMESITE INSURANCE COMPANY** and Plaintiff.

17.    Defendant **HOMESITE INSURANCE COMPANY** misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was

caused by a covered occurrence. Specifically, the adjuster failed to account for the interior damage. This was the adjuster's decision to make, and **HOMESITE INSURANCE COMPANY** adopted this decision. Defendant **HOMESITE INSURANCE COMPANY** conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant **HOMESITE INSURANCE COMPANY** failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant **HOMESITE INSURANCE COMPANY**'s conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendant **HOMESITE INSURANCE COMPANY** failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant **HOMESITE INSURANCE COMPANY** failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant **HOMESITE INSURANCE COMPANY** did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant **HOMESITE INSURANCE COMPANY**'s conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant **HOMESITE INSURANCE COMPANY** failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant **HOMESITE INSURANCE COMPANY**. Defendant **HOMESITE**

Page 5

INSURANCE COMPANY's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

21.     Defendant **HOMESITE INSURANCE COMPANY** refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant **HOMESITE INSURANCE COMPANY** failed to conduct a reasonable investigation. Specifically, Defendant **HOMESITE INSURANCE COMPANY** performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. This is evidenced by the adjuster's estimate which shows that the adjuster failed to include amounts for roof and interior of the home. Defendant **HOMESITE INSURANCE COMPANY**'s conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22.     Defendant **HOMESITE INSURANCE COMPANY** failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. **HOMESITE INSURANCE COMPANY**'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23.     Defendant **HOMESITE INSURANCE COMPANY** failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. **HOMESITE INSURANCE COMPANY**'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24.  Defendant **HOMESITE INSURANCE COMPANY** failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for her claim. **HOMESITE INSURANCE COMPANY**'s conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25.  From and after the time Plaintiff's claim was presented to **HOMESITE INSURANCE COMPANY**, the liability of **HOMESITE INSURANCE COMPANY** to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, **HOMESITE INSURANCE COMPANY** has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. **HOMESITE INSURANCE COMPANY**'s conduct constitutes a breach of the common law duty of good faith and fair dealing.

26.  Defendant **HOMESITE INSURANCE COMPANY** knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.  As a result of Defendant **HOMESITE INSURANCE COMPANY**'s wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

<u>**CAUSES OF ACTION**</u>:

**A. Causes of Action Against HOMESITE INSURANCE COMPANY**

Page 7

28.     Defendant **HOMESITE INSURANCE COMPANY** is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### B.  Breach of Contract

29.     Defendant **HOMESITE INSURANCE COMPANY**'s conduct constitutes a breach of the insurance contract made between **HOMESITE INSURANCE COMPANY** and Plaintiff.

30.     Defendant **HOMESITE INSURANCE COMPANY**'s failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of **HOMESITE INSURANCE COMPANY**'s insurance contract with Plaintiff.

### C.  Noncompliance with Texas Insurance Code:
### Unfair Settlement Practices

31.     Defendant **HOMESITE INSURANCE COMPANY**'s conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

32.     Defendant **HOMESITE INSURANCE COMPANY**'s unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

33.     Defendant **HOMESITE INSURANCE COMPANY**'s unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though **HOMESITE INSURANCE COMPANY**'s liability under the Policy was reasonably clear, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

34. Defendant **HOMESITE INSURANCE COMPANY**'s unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

35. Defendant **HOMESITE INSURANCE COMPANY**'s unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

36. Defendant **HOMESITE INSURANCE COMPANY**'s unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### D. Noncompliance with Texas Insurance Code:
### The Prompt Payment of Claims

37. Defendant **HOMESITE INSURANCE COMPANY**'s conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

38. Defendant **HOMESITE INSURANCE COMPANY**'s failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items,

statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

39.    Defendant **HOMESITE INSURANCE COMPANY**'s failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

40.    Defendant **HOMESITE INSURANCE COMPANY**'s delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### E. Breach of the Duty of Good Faith and Fair Dealing

41.    Defendant **HOMESITE INSURANCE COMPANY**'s conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

42.    Defendant **HOMESITE INSURANCE COMPANY**'s failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time **HOMESITE INSURANCE COMPANY** knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### <u>KNOWLEDGE</u>

43.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

Page 10

### DAMAGES

44.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

45.    As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant **HOMESITE INSURANCE COMPANY**'s mishandling of Plaintiff's claim in violation of the laws set forth above.

46.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

47.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

48.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

49.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

50.     For the prosecution and collection of their claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## **JURY DEMAND**

51.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Zavala County, Texas.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of their case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $250,000 not more than $1,000,000.

Respectfully submitted,

By:   /s/ David M. Anderson

David M. Anderson
State Bar No. 24064815
Stephen P. Carrigan
State Bar No. 03877000
Carrigan & Anderson, PLLC
101 N. Shoreline Blvd., Ste. 420
Corpus Christi, Texas 78401
(361) 884-4433 - Telephone
(361) 884-4434 - Facsimile
Email: scarrigan@ccatriallaw.com
Email: danderson@ccatriallaw.com
*Attorneys for Plaintiff*

# EXHIBIT C

**CLERK OF THE COURT**
RACHEL P. RAMIREZ
200 EAST UVALDE
CRYSTAL CITY, TX 78839

**ATTORNEY / PETITIONER**
DAVID M. ANDERSON
101 NORTH SHORELINE BLVD.
CORPUS CHRISTI, TX 78401

## THE STATE OF TEXAS
24-04-15377-ZCVAJA

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **HOMESITE INSURANCE COMPANY, BY AND THROUGH ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701-3218,** GREETINGS:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 365TH DISTRICT COURT, of Zavala County, Texas at the Courthouse in said County in Crystal City, Texas.

Said Plaintiff's Petition was filed in said court on 12th day of April, 2024 in this case, numbered 24-04-15377-ZCVAJA on the docket of said court, and styled:

VERA, LAURA
VS.
HOMESITE INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Crystal City, Texas this 12th day of April, 2024.

Rachel P. Ramirez
District Clerk
200 East Uvalde
Crystal City, TX 78839

By _____
MARTINA DELGADO, DEPUTY

C/M 7022 1670 0001 3862 6418

### SHERIFF'S RETURN

Came to hand on the _____ day of _____, 2_____, at _____o'clock _____.M. and executed in _____, County, Texas, by delivering to each of the within named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying copy of the Plaintiff's Petition, at the following times, to-wit:

| NAMES | DATE | | | TIME | | | |
|---|---|---|---|---|---|---|---|
| | Year | Month | Day | Hour | Mts. | M | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to defendant(s), _____

the diligence used in finding said defendant(s), being _____
and the cause of failure to execute this process is: _____
and the information received as to the whereabouts of said defendant(s), being _____

**FEES:** Serving_____ cop_____   $_____      _____, Sheriff

       TOTAL       $_____      _____ County, Texas

                    By_____ Deputy

# EXHIBIT D

Filed 5/3/2024 1:31 PM
Rachel P. Ramirez
District Clerk
Zavala County, Texas
Martina Delgado

## CAUSE NO. 24-04-15377-ZCV

| | | |
|---|---|---|
| **LAURA VERA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **365ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **HOMESITE INSURANCE COMPANY** | § | **ZAVALA COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, Homesite Insurance Company, Defendant and files its Original Answer.

## GENERAL DENIAL

### I.

Defendant enters a general denial, pursuant to Tex.R.Civ.P. 92.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Homesite Insurance Company, prays that Plaintiff take nothing by and from this action from Defendant, that Defendant recover its costs, and that it be awarded all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, L.L.P.

BY: _____/s/ Erik E. Ekvall_____
Erik E. Ekvall
State Bar No. 06507022
Anna Evans Piel
State Bar No. 24002063
4450 Sigma Road, Suite 100
Dallas, TX 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517
eekvall@ekvallbyrne.com

ATTORNEYS FOR DEFENDANT

**DEFENDANT'S ORIGINAL ANSWER**                                                **PAGE 1**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record herein on this 3rd day of May, 2024.

***Via E-Service***
David M. Anderson
Carriagan & Anderson, PLLC
101 N. Shoreline Boulevard, Suite 420
Corpus Christi, Texas 78401

_____*/s/ Erik E. Ekvall*_____
Erik E. Ekvall

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Marie Aguilar on behalf of Erik Ekvall
Bar No. 06507022
maguilar@ekvallbyrne.com
Envelope ID: 87361686
Filing Code Description: Answer/Response
Filing Description: Defendant's Original Answer
Status as of 5/3/2024 2:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen P.Carrigan | | scarrigan@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| Erica Gutierrez | | egutierrez@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| Wendy Watson | | wwatson@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| David MAnderson | | danderson@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| Krista Linares | | klinares@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |

# EXHIBIT E

Filed 5/3/2024 1:31 PM
Rachel P. Ramirez
District Clerk
Zavala County, Texas
Martina Delgado

CAUSE NO. 24-04-15377-ZCV

| | | |
|---|---|---|
| **LAURA VERA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **365ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **HOMESITE INSURANCE COMPANY** | § | **ZAVALA COUNTY, TEXAS** |

## DEFENDANT'S JURY DEMAND

COMES NOW, Homesite Insurance Company, Defendant and respectfully demands a trial by jury and accordingly pays the applicable jury fee.

Respectfully submitted,

EKVALL & BYRNE, L.L.P.

BY: _____*/s/ Erik E. Ekvall*_____
Erik E. Ekvall
State Bar No. 06507022
Anna Evans Piel
State Bar No. 24002063
4450 Sigma Road, Suite 100
Dallas, TX 75244
Telephone: (972) 239-0839
Facsimile: (972) 960-9517
eekvall@ekvallbyrne.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record herein on this 3ʳᵈ day of May, 2024.

*Via E-Service*
David M. Anderson
Carriagan & Anderson, PLLC
101 N. Shoreline Boulevard, Suite 420
Corpus Christi, Texas 78401

_____*/s/ Erik E. Ekvall*_____
Erik E. Ekvall

**DEFENDANT'S JURY DEMAND**                                                                    **PAGE 1**

## Automated Certificate of eService
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Marie Aguilar on behalf of Erik Ekvall
Bar No. 06507022
maguilar@ekvallbyrne.com
Envelope ID: 87361686
Filing Code Description: Answer/Response
Filing Description: Defendant's Original Answer
Status as of 5/3/2024 2:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Erica Gutierrez | | egutierrez@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| Wendy Watson | | wwatson@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| David MAnderson | | danderson@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| Krista Linares | | klinares@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |
| Stephen P.Carrigan | | scarrigan@ccatriallaw.com | 5/3/2024 1:31:33 PM | SENT |

# EXHIBIT F

Filed 4/12/2024 10:59 AM
Rachel P. Ramirez
District Clerk
Zavala County, Texas
Martina Delgado

# Carrigan & Anderson, PLLC

*Attorneys at Law*

A PROFESSIONAL LIMITED LIABILITY CORPORATION

**Stephen P. Carrigan**
Attorney
scarrigan@ccatriallaw.com

**David M. Anderson**
Attorney
danderson@ccatriallaw.com



101 N. Shoreline Blvd.
Ste 420
Corpus Christi, TX 78401
Office: 361-884-4433
Facsimile: 361-884-4434
www.carrigananderson.com

April 12, 2024

Zavala County District Clerk
Rachel Ramirez
200 E. Uvalde, Suite 13
Crystal City, Texas  78839

Re:    Cause No. 24-04-15377-ZCV, Laura Vera v. Homesite Insurance Company; In the
365th     District Court, Zavala County, Texas

Dear Clerk:

Please issue a citation to Defendant, Homesite Insurance Company. by serving thru its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Service will be via certified mail return receipt requested by the clerk of the court.

Should you have any questions regarding the foregoing, please do not hesitate to contact me at (361) 7884-4433.

Very truly yours,

/s/ Wendy G. Watson

Wendy G. Watson
Legal Assistant to David M. Anderson

Copy from re:SearchTX

# EXHIBIT G

# ATTORNEYS OF RECORD

Attorney of Record for Plaintiff:

>David M. Anderson
>State Bar No. 24064815
>Stephen P. Carrigan
>State Bar No. 03877000
>Carrigan & Anderson, PLLC
>101 N. Shoreline Boulevard, Suite 420
>Corpus Christi, Texas 78401
>(361) 884-4433 Phone
>(361) 884-4434 Fax
>scarrigan@ccatriallaw.com
>danderson@ccatriallaw.com

Attorneys of Record for Homesite:

>Michael A. Hummert
>State Bar No. 10272000
>Erik E. Ekvall (will be submitting Pro Hac Vice)
>State Bar No. 06507022
>Anna Evans Piel (will be submitting Pro Hac Vice)
>State Bar No. 24002063
>Ekvall & Byrne, LLP
>4450 Sigma Road, Suite 100
>Dallas, TX 75244
>Telephone: (972) 239-0839
>Facsimile: (972) 960-9517
>mhummert@ekvallbyrne.com
>eekvall@ekvallbyrne.com
>aepiel@ekvallbyrne.com