**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**



| | | |
|---|---|---|
| **LAURA VERA** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.** |
| | § | **2:24-CV-00047-AM-MHW** |
| **v.** | § | |
| | § | |
| **HOMESITE INSURANCE COMPANY,** | § | |
| **Defendant.** | § | |
| | § | |

## REPORT AND RECOMMENDATION

TO THE HONORABLE ALIA MOSES, CHIEF UNITED STATES DISTRICT JUDGE:

The Court referred the above-captioned matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b). Before the undersigned is the Defendant's Motion for Summary Judgment [ECF No. 26]. For the reasons set forth below, the undersigned **RECOMMENDS** that the Defendant's Motion [ECF No. 26] be **DENIED.**

## I.      BACKGROUND

This case involves an insurance dispute arising from the Plaintiff's claim that her insurance policy with the Defendant entitles her to compensation for damage to her home. Specifically, the Plaintiff is looking to be compensated for hailstorm-related damage to the home's exterior, interior, and personal items within it. (Notice of Removal, ECF No. 1, Plaintiff's Original Petition, at ¶ 10.) In addition to damages from the storm, the Plaintiff also claims that she is entitled to damages as a result of the Defendant violating the Texas Insurance Code and breaching the duty of good faith and fair dealing. (*Id.* at ¶ 39-42.) The Defendant disagrees. It argues in the Motion for Summary Judgment before the undersigned that 1) the Plaintiff has not demonstrated the damage by the hailstorm is covered under her policy 2) the

1

Plaintiff has not demonstrated that the Defendant is liable for Texas Insurance Code violations and breaches of the duty of good faith and fair dealing; 3) the Plaintiff's supplement to her damage computations was untimely submitted; 4) the Plaintiff has not shown that the Defendant's payments for interior damages were insufficient; 5) the Plaintiff is not entitled to any damages as a result of failing to produce damage computations required under Rule 26; and 6) the Plaintiff has not differentiated their damages as required by Texas Law. (Defendant's Motion for Summary Judgment, ECF No. 26, at 1-2, 8.)

Ultimately, the undersigned recommends that the entirety of the motion be denied. Regarding arguments one, two, and four, the Plaintiff has presented evidence that creates genuine issues of material fact within these arguments. Regarding its third argument, the Defendant will not be prejudiced by the admission of the Plaintiff's supplemental damage computations. Those supplemental damage computations also moot the majority of the Defendant's assertions in its sixth argument. Finally, regarding its fifth argument, the Defendant has not explained why summary judgment is proper under Rule 26 or, otherwise, argued that the Plaintiff has failed to establish an essential element of her claim as is required at the summary judgment stage.

Further, the undersigned notes that the Defendant realleges that the Plaintiff's designation of experts should be excluded pursuant to a Motion to Exclude [ECF No. 25] that it previously filed. (Defendant's Motion for Summary Judgment, ECF No. 26, at 6.) However, that Motion has been denied, and, therefore, the evidence the Plaintiff submitted within that Motion is considered in this Report and Recommendation. (Order Denying Defendant's Motion to Exclude, ECF No. 38.)[1]

---

[1] The undersigned notes that it has ordered the Plaintiff to resubmit her designations to the Defendant in the form required under Federal Rule of Civil Procedure 26(a)(2)(B). However, the Defendant did not object to the substance

The undersigned will now address each of the Defendant's arguments in turn.

## II.    DISCUSSION

Summary judgment may be rendered only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P 56(a). There is no genuine issue of material fact if a fact finder can reasonably return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986). Further, a movant is entitled to judgment as a matter of law where the non-movant has failed to make a sufficient showing of an essential element of their case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Specifically, where critical evidence is so weak on an essential fact that it could not support a judgment in favor of the non-movant. *In re Deepwater Horizon*, 48 4th 378, 382 (5th Cir. 2022) (quoting *McCarthy v. Hillstone Rest. Grp. Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). In undertaking this inquiry, we must review the facts in the light most favorable to the party opposing the motion and we must also review the entire record. *Washington v. Allstate*, 901 F. 2d 1281, 1286 (5th Cir. 1990) (quoting *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986)). However, a court has no duty to search the record for issues of material fact or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 651 (5th Cir. 2012).

## A.    Claims Covered by the Policy

The Plaintiff alleges that the Defendant breached its duties under the insurance policy she had with them by not compensating her for damages she is entitled to. (Notice of Removal, ECF No. 1, Plaintiff's Original Petition, at ¶ 29-30.) Under Texas law, an insured must prove that

---

of the evidence within the expert's designation, and, therefore, the undersigned can consider that evidence at this juncture. *See* Lee v. Offshore Logistical and Transport*, L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (holding that a court may consider evidence at the summary judgment stage as long as the substance of the evidence will be admissible at trial—even if its form is currently incorrect).

their claim falls within their policy's coverage in order to prove that a breach occurred. *Hamilton Props v. am. Ins. Co.*, 643 F. App'x 437, 439 (5th Cir. 2016) (citing *Data Specialties, Inc. v. Transcontinental Ins. Co.,* 125 F.3d 909, 911 (5th Cir. 1997)). The Defendant argues that the Plaintiff has not done so on three bases. First, it argues that the Plaintiff has not presented any evidence that the hailstorm occurred within the policy period and that the damage to her property was not the result of a different incident. (Defendant's Motion for Summary Judgment, ECF No. 26, at 5, 12.) Second, it argues that the Plaintiff has not presented evidence that the hailstorm caused "direct physical loss," as that term is defined under her policy, to the roof of her home. (*Id*.) Third, it argues that the policy requires that personal property is damaged directly by the storm and that the Plaintiff has not established it was. (*Id*. at 15.) The undersigned will address each argument in turn.

The undersigned notes that the Plaintiff defends against these arguments by providing two affidavits within its response—one from herself and one from James Wesselski, a professional insurance adjuster. (Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-1 & 36-2.) The Defendant has made no objections to the testimony in these affidavits related to these issues,[2] and, thus, any such objections are waived. *See Donaghey v. Ocean Drilling & Exploration Co*., 974 F.2d 646, 650 n.3 (5th Cir. 1992) (collecting cases standing for the proposition that a party, ordinarily, waives objections to summary judgment evidence they do not timely make).

Ultimately, the Defendant and the Plaintiff have provided conflicting evidence of whether the hailstorm occurred within the period covered by the policy and whether the loss the Plaintiff is claiming is a type of loss covered under the policy. As a result, a genuine issue of material fact

---

[2] The Plaintiff has objected to the damage computations that are submitted within these affidavits—and it addresses that issue below. *See infra* Section C. However, the undersigned does not rely on those computations to address the arguments in this section.

exists as to whether the Defendant breached the terms of its policy, and the Court should deny the Defendant's request for summary judgment on the basis that it did not breach these terms.

i.    Timing of the Hailstorm

The Defendant provides two inspection reports from claims adjusters supporting the contention that the damage to Plaintiff's home was not from the hailstorm the Plaintiff alleged. [Defendant's Motion for Summary Judgment, ECF No. 26, at 12 (citing Ex. A-3 & A-6).] In response, the Plaintiff provides her affidavit which states that the damage she is alleging is from that hailstorm and that the hailstorm occurred within the policy period. [Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36, at 2 (citing Ex. 1).] The affidavit she provides from Mr. Wesselski also supports the same conclusion. (Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-2, at ¶ 5.) Therefore, this argument largely boils down to the conflicting opinions of the two experts and the credibility of the Plaintiff herself. The Fifth Circuit has held that summary judgment is inappropriate in such circumstances. *See Webster v. Offshore Food Service, Inc*. 434 F.2d 1191, 1193 (5th Cir. 1970) (stating "the grant of a motion for summary judgment is often inappropriate where the evidence bearing on crucial issues of fact is in the form of expert opinion testimony."). It is the trier of fact, not the undersigned, that is entitled to assess the credibility of the witnesses and, even, make its own common-sense judgments regarding testimony provided by experts. *Id*. Therefore, the undersigned finds that there is a genuine issue of material fact as to whether the hailstorm occurred during the policy period and, thus, whether the Defendant is breaching the agreement it has with the Plaintiff by not paying her claim.

ii.    <u>The Alleged Damage as "Direct Physical Loss"</u>

The Plaintiff's insurance policy only covers "direct physical loss," which is a term that is defined in a specific manner. The Defendant provides expert reports saying the damage to the Plaintiff's roof does not meet this definition, and the Plaintiff provides an expert's affidavit saying that it does. (Defendant's Motion for Summary Judgment, ECF No. 26, Ex. A-3 at 1); Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-2, at ¶ 6.) So, again, the undersigned finds that there is a genuine issue of material fact as to whether the damage to the Plaintiff's roof is a "direct physical loss" as required under the policy, and, thus, whether the Defendant is breaching the agreement it has with the Plaintiff by not paying for that damage. *See supra* Section A(i).

iii.    <u>Personal Property Claim</u>

The Plaintiff's insurance policy only covers damage to personal property that occurs in a specific manner. [Defendant's Motion for Summary Judgment, ECF No. 26, at 15 (citing Ex. A-1).] Specifically, that water enters a home and causes damage to an insured's personal property as a result of openings created by a storm. (*Id*.) The Plaintiff's affidavit states that water entered her home as such and that the damage to her property was caused by the storm. (Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-1, at ¶ 4, 6.) This affidavit, on its own, is sufficient to create a fact issue as to whether her personal property was damaged as required under the contract. *See In re Deepwater Horizon*, 48 F.4th 378, 382-83 (5th Cir. 2022) (stating that even self-serving affidavits can create issues of fact at the summary judgment stage). This is especially true because the Defendant presents no evidence to counter

this conclusion nor objects to the sufficiency of the Plaintiff's affidavit. Therefore, the undersigned finds that a reasonable factfinder could conclude that the Plaintiff's personal property was damaged as required under the policy for that damage to be covered. As a result, a genuine issue of material fact exists as to whether the damage to the personal property is covered and whether the Defendant is breaching the agreement it has with the Plaintiff by not paying for that damage.

**B.    Violations of the Texas Insurance Code and Breaches of the Duty of Good Faith and Fair Dealing**

As a general rule under Texan contract law, there can be no claim of bad faith or statutory violations where an insurance claim is not covered under an insurance policy. *Republic Ins Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (holding as such for bad faith); *USAA Texas Lloyds Company v. Mechaca*, 545 S.W.3d 479, 490 (Tex. 2018) (holding as such for statutory violations). Because there are genuine issues of material fact as to whether the Plaintiff's insurance claims are covered under her policy, the undersigned cannot draw any conclusions as to the merits of these legal claims. *See supra* Section A.

**C.    The Defendant's Motion to Exclude the Plaintiff's Supplemental Affidavit**

The remaining claims involve considering a portion of the Plaintiff's affidavit which the Defendant has contested should be excluded under Federal Rule of Civil Procedure 37(c)(1). As stated above, the Defendant did not object to the two affidavits the Plaintiff submitted with her reply to the Defendant's Motion for Summary Judgment. However, it did state in its motion that the Plaintiff should be prohibited from entering supplemental damage evidence in the same manner. [Defendant's Motion for Summary Judgment, ECF No. 26, at 16 (citing Rule 37(c)(1).] The Plaintiff did just that. Within her affidavit that accompanied her reply was a chart that

supplemented her initial damage disclosures under Rule 26. Specifically, it identified what damages in an estimate done by Mr. Wesselski were attributable to the hailstorm and those damages that were attributable to a different incident. (Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-1, at ¶ 5.) The Plaintiff had provided Mr. Wesselski's estimate with her initial disclosures but had never identified which damage was caused by which event. [*See* Defendant's Motion for Summary Judgment Appendix, ECF No. 26-1, at 286 (listing the Plaintiff's undifferentiated report as available via a shared link on her initial disclosures under "Inspection Report and Estimate from WesGroup Consulting LLC").] As a result, the undersigned will now consider whether the Plaintiff should be allowed to supplement her initial disclosures via affidavit at this juncture.

Ultimately, the undersigned recommends that the Court allow it because allowing this supplementation is unlikely to prejudice the Defendant at trial but prohibiting it would be extremely detrimental to the Plaintiff's case.

i.    Federal Rule of Civil Procedure 26 & 37

Rule 26 requires that a party makes initial disclosures within a certain time frame. FED. R. CIV. P. 26(a)(1)(C). In this case, the Parties agreed that these disclosures would be submitted by July 31, 2024. (Joint Rule 26 Report, ECF No. 11, at ¶ 9.) These disclosures *must* be made within this time period, and a party is not excused from making a disclosure simply because they have not fully investigated a case. FED. R. CIV. P. 26(a)(1)(E). Within these disclosures, a party must provide the opposing party a computation of each category of damages they are claiming. FED. R. CIV. P. 26(a)(1)(iii). A party may timely supplement this disclosure without justification *only if* they *learn* that their disclosure is incomplete. *See* FED. R. CIV. P. 26(e) (allowing timely supplementation if a party learns that disclosure is incomplete). Otherwise, Rule 37(c)(1)

requires them to demonstrate that their nondisclosure was substantially justified or harmless to avoid sanctions—such as the exclusion of supplemented disclosures they attempt to bring in. FED. R. CIV. P. 37(c)(1).

When considering whether to exclude material under Rule 37(c)(1), specifically, a court will consider the following factors: 1) the party's explanation for not disclosing the evidence; 2) the prejudice to the opposing party if the evidence is admitted; 3) the possibility of curing such prejudice; and 4) the importance of the information. *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 1345385, at *2 (W.D. Tex. Mar. 23, 2015) (citing *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996)). Ultimately, the Primary purpose of Rule 26 is to prevent surprise or prejudice as a result of undisclosed evidence. *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir.1994). The decision to impose sanctions in line with this purpose is within the discretion of the trial court. *See Belou v. Gusman,* No. CV 15-820, 2016 WL 9414343, at *2 (E.D. La. June 14, 2016) (citing multiple cases from the 5th Circuit indicating that a trial court enjoys broad discretion under Rule 37).

ii.    The Plaintiff's Affidavit

The Plaintiff timely supplied Mr. Wesselski's undifferentiated estimate with her initial disclosures on June 10, 2024. (Defendant's Motion for Summary Judgment Appendix, ECF No. 26-1, at 284-87.) However, Rule 26(a)(1)(iii) requires a party to submit a *computation* of each *category* of its damages—as discussed. Its plain meaning clearly indicates that a party is expected to submit a document calculating the amount of damages it is claiming (a "computation") properly separated into categories based on the types of damages they are. By submitting an undifferentiated document that contained damages from multiple events, the Plaintiff did not provide a computation that complied with the rule. *See e.g. Design Strategy, Inc.*

*v. Davis,* 469 F.3d 284, 296 (2d Cir. 2006) (holding that a party must provide more than undifferentiated financial statements to satisfy the Rule); *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 279 (5th Cir. 2009) (holding that a party must supply a computation broken down into categories under the rule).

As stated, the Plaintiff is now trying to supplement the report from Mr. Wesselski by providing an affidavit that identifies which damages were caused by which event. Again, a party is only allowed to supplement an incomplete disclosure without justification if they did not know it was incomplete when they initially submitted it, and that supplementation must still be timely after they learn of its insufficiency. *See* FED. R. CIV. P. 26(e) (allowing supplementation without justification *if* a party *learns* that disclosure is incomplete). Notably, the other event that caused damage to the Plaintiff's property is a plumbing leak, and the damage that resulted from this leak is also the subject of a separate lawsuit with these Parties. (*See generally Vera v. Homesite Insurance Company*, 2:24-cv-48.) The undersigned is aware that the Defendant was moving to consolidate the cases involving the plumbing leak and the hailstorm when the Plaintiff made her initial disclosures. [*See Vera v. Homesite*, 2:24-cv-48, Defendant's Motion to Consolidate Cases, ECF No. 5 (showing that the Motion was filed on June 2, 2024, before the Plaintiff made her initial disclosures).] So, it is reasonable to infer the Plaintiff believed the undifferentiated damage computations were complete because the cases were going to be joined.

As discussed, however, Rule 26(a)(1)(iii) requires a computation of each *category* of damages, and differentiating the damages based on their cause would likely be mandatory even if the cases were joined. Regardless, the Motion to Consolidate was denied in November of 2024. (*Vera v. Homesite*, 2:24-cv-48, Order, ECF No. 8.) Therefore, the Plaintiff has certainly known that this disclosure was incomplete since then. With the cases separated, the Plaintiff's previous

disclosure would not allow the Defendant to know the damages for either case—as the damage computations did not differentiate between their causes which were, now, each the subject of a separate lawsuit. Thus, the Plaintiff could not have reasonably concluded that her damage computations were complete after the Motion to Consolidate was denied—and her supplementation over five months later in May of 2025 is not timely.

As a result, the undersigned will now consider whether the Plaintiff demonstrated that the supplemental disclosure is harmless or substantially justified and whether exclusion is appropriate under the four factors.

a.    *The Plaintiff's Explanation*

The Plaintiff's only justification for not providing a differentiated damage computation is that the original estimate contained the damage calculations for the hailstorm within it, but it was only lacking the means by which to differentiate the hailstorm damages from the plumbing-leak damages. (Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36, at 2-3.) This reasoning does not justify the Plaintiff's nondisclosure. The purpose of the damages disclosure is to enable Defendants to determine the basis of a Plaintiff's calculation of damages. *See* Committee Note, 146 F.R.D. 401, 631 (Apr. 22, 1993) (describing the purpose of Rule 26(a)(1)(iii)—then labeled as "subsection (c)"). As mentioned, the undifferentiated damages computations could not have allowed the Defendant to accomplish that goal, and, thus, are insufficient. *See e.g., Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 1345385, at *3 (W.D. Tex. Mar. 23, 2015) (holding that providing the equivalent information of a damages computation in other forms does not constitute a proper computations disclosure under rule 26(a)(1)(A)(iii)). Therefore, this factor weighs in favor of excluding the Plaintiff's supplemental disclosure.

11

b.    *Prejudice to the Defendant*

In the context of supplemental disclosures, prejudice occurs when a party attempts to supplement evidence at a late juncture in a manner that unfairly affects the opposing party at trial. *See E.E.O.C. v. Mazzanti*, No. CIV.A.207CV171-B-A, 2009 WL 927426, at *3 (N.D. Miss. Apr. 2, 2009) (citing *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir.1994) and *Brower v. Staley, Inc.*, Slip Copy, 2008 WL 5352019 (5th Cir.2008)) (stating "Rule 26(e) has been held to be prevent a party from being prejudicially surprised by information presented at trial.").

As discussed, the Plaintiff presented these disclosures to the Defendant in June of 2024. The Defendant did not object to them until it filed this Motion in July of 2025—over a year later. Notably, it does not explain why it failed to object to the sufficiency of the computations earlier nor does it present any arguments as to why it might be prejudiced by their supplementation. Ultimately, it would be difficult for the undersigned to conclude that the Defendant would be prejudicially surprised by the computation's supplementation considering the Defendant's lack of argument against its inclusion and its failure to object to the undifferentiated computations sooner. *See e.g.*, *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 1345385, at *3 (holding that no real prejudice can exist against a party by introducing evidence that has been in the opposing party's possession for several months).  Further, the undersigned does not see how the inclusion of the supplementation could unfairly affect the Defendant at trial. It is unlikely that the trial is imminent considering this Motion will still need to be adopted by the District Court, a pretrial conference with the undersigned will need to occur, and other various procedures will need to take place before a trial begins. *See* Local Court Rule CV-16 (setting out the various procedures that will occur before a trial setting). So, the Defendant will have ample time to make

any necessary adjustments. *See e.g., Brower v. Staley, Inc.*, 306 F. App'x 36, 39 (5th Cir. 2008) (holding that a party was not prejudiced by evidence it received months ahead of a trial).

As a result, the undersigned finds that this factor weighs in favor of including the Plaintiff's supplementation. The Defendant has made no argument that it would be prejudiced by its inclusion, it did not timely object to the original estimate's sufficiency, and the Plaintiff is introducing the supplementation with ample time before trial.

c.      *Curing Prejudice to the Defendant*

It is unlikely that the inclusion of the supplemental affidavit prejudices the Defendant. Therefore, this factor weighs in favor of admitting the supplementation because there is no prejudice to cure.

d.      *Importance of the Evidence*

The damages to the Plaintiff's home included in the report consist of a substantial portion of the Plaintiff's claim to monetary relief in this case, and Mr. Wesselski's report combined with the Plaintiff's affidavit delineating those damages are the only evidence that the Plaintiff has to prove them.[3] So, not allowing the supplementation to come in would preclude the Plaintiff from recovering a large portion of what she claims she is owed. Without the Plaintiff's supplementation to Mr. Wesselski's report, the damages from the hailstorm cannot be calculated because they are not differentiated from the plumbing-leak damages. Therefore, the evidence is essential to the Plaintiff's claim, and this factor weighs in favor of admitting the Plaintiff's supplementation. *See e.g., Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 1345385, at *5 (W.D. Tex. Mar. 23, 2015) (holding that a piece of evidence that is essential to a Plaintiff's

---

[3] *Compare* Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-1, at ¶ 5 (listing the damages allegedly attributable to the hailstorm in WesGroup LLC's report), *with* WesGroup Consulting LLC's Damages Estimate, ECF No. 36-3 (the computation of those damages).

underlying recovery for damages weighs in favor of its admission).

e.    *Conclusion*

In their totality, the factors weigh in favor of admitting the Plaintiff's supplemental estimate, and its admission now would be harmless. As an initial matter, the Plaintiff did not establish that she was substantially justified because the undifferentiated estimate she submitted could not have been used by the Defendant to calculate the damages in this case. However, all other considerations weigh in favor of allowing the supplementation's admission. The length of time the Defendant had access to the undifferentiated estimate without objection, and the length of time it will have access to the differentiated one before trial demonstrates that the Defendant will not be prejudiced if the Court allows the Plaintiff to submit her supplementation. Therefore, its admission is harmless. Further, the supplementation is material to the Plaintiff's case, and its exclusion at this juncture would be a harsh remedy considering that the Defendant is not prejudiced by its admission. As a result, the Court should allow the Plaintiff to supplement their damage computation via the affidavit they have submitted with their motion. [*See* Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-1, at ¶ 5. (the supplementation in question).]

**D.    The Defendant's Payments for Interior Damages**

The Defendant contends that it is not in breach of the contract regarding the interior damage to the Plaintiff's home because it has already paid the Plaintiff for those damages and the Plaintiff has not established those payments are insufficient. (Defendant's Motion for Summary Judgment, ECF No. 26, at 13.) Specifically, it argues that the undifferentiated damages computation submitted by the Plaintiff did not establish which event caused which damages, and,

as a result, there is no way to calculate if the hailstorm-related interior damage the Defendant already paid for is less than the damages the Plaintiff is now claiming—because the only evidence the Plaintiff submitted is for the hailstorm and the plumbing leak combined. (*Id.*) In other words, the Defendant asserts that the Plaintiff has presented no evidence that supports her assertion the Defendant did not sufficiently compensate her for damage to the interior of her home caused by the storm.

As discussed, the Plaintiff has now submitted an affidavit that identifies the damages she is claiming specifically related to the hailstorm based on the original damage estimate provided by Mr. Wesselski. (Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36-1, at ¶ 5.) Further, the Plaintiff contends that the hail-storm related damages on this estimate exceed what the Defendant has already paid her. [Plaintiff's Response to Defendant's Motion for Summary Judgment, ECF No. 36, at 4 (citing Ex. 3).] Notably, the Plaintiff did not aggregate the amount of hailstorm related damage, and it would be especially time-consuming for the undersigned to do so. However, the Defendant did not object to the Plaintiff's contention that the newly supplemented damage computations regarding interior damages amount to more than what it already paid the Plaintiff.

Absent such an objection, the undersigned finds that the Plaintiff has presented evidence showing that she could be entitled to more damages than the Defendant has paid her. Based on the supplemented estimate, a reasonable fact finder could determine that the Defendant has not paid the Plaintiff what she is owed under the insurance policy for the damages to the interior of her home, and, thus, a genuine issue of material fact exists as to whether such a breach occurred.

**E.    Summary Judgment on the Plaintiff's Damages Claims**

The Defendant argues that the Plaintiff has not disclosed any of the damages in this

lawsuit, and, thus, it is entitled to summary judgment on all of its claims. (Defendant's Motion for Summary Judgment, ECF No. 26, at 2.) Specifically, it argues that it is entitled to summary judgment because the Plaintiff has failed to disclose their damages computations as required under Rule 26(a)(1)(A)(iii) (Defendant's Motion for Summary Judgment, ECF No. 26, at 16-17.) While the undersigned has broad discretion to impose a wide variety of sanctions under Rule 37 for a party's failure to comply with Rule 26, it cannot recommend summary judgment without following Rule 56.[4] As discussed, Rule 56 only allows summary judgment where a party fails to prove an *essential* element of their claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Defendant does not brief the undersigned on how failing to provide damage computations is a failure of the Plaintiff to prove an essential element of any of her claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (holding that a moving party bears the burden of informing the district court of the basis for its motion for summary judgment); *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 & n. 10 (S.D.Tex.2003) (citing *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir.2000) (stating that parties must brief their arguments). Ultimately, the undersigned cannot recommend that the Defendant is entitled to summary judgment on the basis of Rule 26 and 37 alone.

Further, the Plaintiff brings three claims in this lawsuit which she asserts entitles her to damages. Breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. (Notice of Removal, ECF No. 1, Ex. B at ¶ 28 - 42.) Notably, damages resulting from the Defendant's conduct are likely an essential element of each of the

---

[4]*Compare* FED. R. CIV. P. 56 (stating the standards for summary judgment), *with* FED. R. CIV. P. 37(b)(2) (listing the types of sanctions available under Rule 37(c)—which does not include summary judgment). *See also* Pegues v. PGW Auto Glass, L.L.C., 451 F. App'x 417, 417-18 (5th Cir. 2011) (discussing the standard to dismiss a case via Rule 37).

Plaintiff's claims.[5] However, only the existence of damages is required to withstand summary judgment where the basis for dismissal is the absence of damages. *See Versata Software, Inc. v. Internet Brands*, Inc., 902 F. Supp. 2d 841 (E.D. Tex. 2012), aff'd, 550 F. App'x 897 (Fed. Cir. 2014) (stating "as long as there is injury from the breach, liability attaches under Texas law" regarding breach of contract claims). As discussed, the Plaintiff has established through her affidavits and supplemental evidence that there is a genuine issue of fact as to whether the Defendant has caused her to suffer a loss. *See supra* Sections A & D. Therefore, there seems to be no basis on which the undersigned could recommend summary judgment with the *sole* justification being that the Plaintiff has not provided evidence of damages—because the Plaintiff has.

**F.    Undifferentiated Damage Calculations**

i.    Double Recovery

The Defendant argues that it is entitled to summary judgment on the Plaintiff's claims because Texas law does not allow a party to recover twice for the same injury. (Defendant's Motion for Summary Judgment, ECF No. 26, at 13-15.) The Defendant is correct that the Plaintiff would be able to recover damages twice if it could recover damages from the plumbing leak in this lawsuit because the Plaintiff would be able to recover damages for the plumbing leak in her other lawsuit as well. As addressed above, however, the Plaintiff has now provided differentiated damage computations for the damage to her home, and, thus, the Defendant's argument on the basis that she could recover twice for those damages is moot. *See supra* Section

---

[5] *See* Williams v. Wells Fargo Bank, N.A., 884 F.3d 239, 244 (5th Cir. 2018) (stating that damages are an element of a breach of contract claim); Vaughan v. Hartford Cas. Ins. Co., 277 F. Supp. 2d 682, 690 (N.D. Tex. 2003) (citing Aranda v. Ins. Co. of N. Am., 748 S.W.2d 210, 215 (Tex.1988) (holding that damages are an element of a breach of the duty of good faith and fair dealing claim); Metro Hosp. Partners, Ltd. v. Lexington Ins. Co., 84 F. Supp. 3d 553, 572-73 (S.D. Tex. 2015) (interpreting the Texas Insurance Code § 541.151 to require a person to sustain actual damages to bring a claim under § 541.060 for unfair settlement practices).

C.  However, the Plaintiff has failed to present evidence that differentiates the damage to her personal property. (Defendant's Motion for Summary Judgment, ECF No. 26, at 14.) Still, the undersigned finds that the Plaintiff's failure to do so does not permit it to grant summary judgment because the Plaintiff could amend that evidence to prevent double recovery.

As the Defendant points out, a Plaintiff cannot recover twice for the same loss under Texas law. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995) (citing *Southern Co. Mut. Ins. Co. v. First Bank & Trust*, 750 S.W.2d 170, 173–74 (Tex.1988)). However, Texas' prohibition on double recovery is a prohibition on *receiving* duplicitous damage awards. Summary Judgment under the prohibition is generally appropriate where two separate claims would result in a Plaintiff recovering twice for the same damage—not where summary judgment evidence is insufficient to prevent double recovery. *Compare Curb Planet, Inc. v. Wells Fargo Bank, N.A.*, No. 4:20-CV-2233, 2023 WL 7222699 (S.D. Tex. Oct. 16, 2023), *report and recommendation adopted*, No. CV H:20-2233, 2023 WL 7224193 (S.D. Tex. Nov. 1, 2023) (holding that issues of *potential* double recovery should be addressed later than the summary judgment stage), *with  Wausau Underwriters Ins. Co. v. Gen. Elec. Co*., No. 01-02-00895-CV, 2004 WL 1471987, at *2-3 (Tex. App. July 1, 2004) (granting summary judgment on the basis of double recovery where a plaintiff was trying to sue a defendant for the same injury as two different entities). In fact, issues of whether a party will be recovering twice for the same damage are generally only appropriately handled by the ultimate finder of fact. *See e.g.*, *Hu v. Ask Am., LLC*, No. 3:22-CV-2432-X, 2025 WL 2211795, at *3 (N.D. Tex. Aug. 4, 2025) (refusing to rule on a summary judgment claim because of the potential that two claims would result in double recovery and holding that "it must be a single fact-finder that awards damages on claims when they might overlap.")

Therefore, the undersigned recommends that the Court deny summary judgment on the basis that the Plaintiff has not differentiated her property damage computations. The prohibition against double recovery does not typically enable a court to summarily dismiss claims based on the potential of double recovery, and the Plaintiff could amend their evidence to prevent being compensated twice for the same injury.[6]

ii.    <u>Texas' Requirement of Presenting Differentiated Evidence</u>

Texas law requires a Plaintiff to present evidence at the summary judgment stage that will allow a trier of fact to segregate losses covered by a policy from those not covered by a policy. *See Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004) (applying this "doctrine of concurrent causes" at the summary judgment stage.) Again, the Defendant argues that the Plaintiff has not sufficiently provided such evidence in regard to the damage to their property. (Defendant's Motion for Summary Judgment, ECF No. 26, at 13, 15.) Specifically, it argues that the damage computations that the Plaintiff has provided do not differentiate between losses from the hailstorm and losses from the plumbing leak. (*Id.*) However, both of these losses do appear to be covered by the same policy. The Plaintiff is also bringing the plumbing-leak claim against the Defendant pursuant to the policy that is applicable here—policy 38411487. [*Compare* Notice of Removal, ECF No. 1, Plaintiff's Original Petition, at ¶ 7, *with* Vera v. Homesite, 2:24-cv-48, Notice of Removal, ECF No. 1, Plaintiff's Original Petition, at ¶ 9. *See also* Vera v. Homesite, 2:24-cv-48, Order, ECF No. 8, at 3. (characterizing the Plaintiff's claims as being brought under the same policy in both lawsuits).]

Therefore, the issue seems to be whether the Plaintiff has provided evidence which would

---

[6] Whether the Plaintiff should be allowed supplement her personal property list by differentiating it at this stage is a question under Rule 26(e) and Rule 37(c). Therefore, the Defendant can make an appropriate motion under those rules if the Plaintiff attempts to provide that supplementation or for her failure to do so.

allow a fact finder to segregate losses covered in this *case*—not whether the Plaintiff has provided evidence which would allow a factfinder to segregate losses covered by her *policy*. This problem is likely procedural as both cases are present in federal court and joinder was denied in the separate proceeding. (Vera v. Homesite, 2:24-cv-48, Order, ECF No. 8, at 1.) When a procedural issue appears in a federal court deciding state law, it is the federal law that controls—not the state's. *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (citing *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 426–27 (1996)). Therefore, it is unclear if Texas' law applies at all on this issue, and the Defendant does not address why it should. As a result, the undersigned will not address the argument here. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (holding that a moving party bears the burden of informing the district court of the basis for its motion for summary judgment); *Magee v. Life Ins. Co. of N. Am.*, 261 F.Supp.2d 738, 748 & n. 10 (S.D.Tex.2003) (citing *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir.2000) (stating that parties must brief their arguments). Further, the Plaintiff's supplemental affidavit for the damages to her home have likely cured any issue of non-differentiation—state or otherwise—that would be present for those damages at this juncture. *See supra* Section C (discussing the admission of the Plaintiff's supplementation damage computation for her home).

## III.    CONCLUSION

In conclusion, the Plaintiff has provided evidence that creates a genuine issue of fact as to whether the property damage she claimed was covered under the policy, and, as a result, a genuine issue of material fact exists as to whether the Defendant breached its duties under the insurance policy it had with the Plaintiff. Texas law does not allow findings of statutory violations or breaches of the duty of good faith and fair dealing where an underlying breach is not present. Therefore, the Court should deny summary judgment on these issues. Further, the

Plaintiff has also presented evidence which creates a genuine issue of material fact as to whether the Defendant has sufficiently paid her for the interior damage she is claiming. While the Defendant objects to the supplemented damage computation that forms the basis of this conclusion, admitting that supplementation now will not harm the Defendant but would prevent the Plaintiff from recovering a substantial amount of damages. Therefore, the supplementation should be admitted.

This supplementation also moots the Defendant's argument that the Plaintiff has failed to provide undifferentiated evidence for the damage to her home. However, it does not moot the Defendant's argument that the Plaintiff has failed to provide such evidence for damage to her personal property. Still, this omission is not fatal at the summary judgment stage. The only argument that the Defendant successfully raises for summary judgment on this issue is Texas' prohibition on double recovery, but that prohibition does not enable a court to enter summary judgment for evidence that might enable double recovery when that evidence could be amended to ensure it does not—and such evidence is present on the record. Finally, the Defendant did not explain how failing to provide damage computations under Rule 26 is tantamount to the Plaintiff failing to prove an essential element of her claim as is required at the summary judgment stage. Ultimately, a court cannot enter summary judgment solely based on a party's failure to follow Rule 26. Therefore, it is **RECOMMENDED** that the Court **DENY** the Defendant's Motion for Summary Judgment [ECF No. 26].

The Parties may wish to file objections to the above recommendation. Failure to file written objections to the findings and recommendations contained in this Report and Recommendation within **fourteen (14)** days from the date of its receipt shall bar an aggrieved party from receiving *de novo* review by the District Court of the findings and recommendations

contained herein, *see* 28 U.S.C. § 636(b)(1)(C), and shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

      **SIGNED** this 7th day of October 2025.

_____

MATTHEW H. WATTERS
UNITED STATES MAGISTRATE JUDGE