**FILED**

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

OCT 3 0 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| **LAURA VERA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. DR-24-CV-0047-AM** |
| | § | |
| **HOMESITE INSURANCE COMPANY,** | § | |
| **Defendant.** | § | |

## ORDER

Before the Court is the Report and Recommendation of the Honorable Matthew H. Watters, United States Magistrate Judge. (ECF No. 39.) The Court referred all pretrial matters under 28 U.S.C. § 636 to Judge Watters on May 23, 2024. Judge Watters now recommends denying the Defendant's Motion for Summary Judgment. (ECF No. 26). No party timely objected. After review, the Court **ADOPTS** the Report and Recommendation. (ECF No. 39.)

## I. BACKGROUND

The Plaintiff, Laura Vera, insured her home in Zavala County, Texas, with the Defendant, Homesite Insurance Company. (ECF No. 1 at 10–11.) The insured home sustained interior and exterior damage in a hailstorm. The Plaintiff filed a claim under her policy with the Defendant to cover the hailstorm-related repairs. (*Id.* at 11.) According to the Plaintiff, the Defendant improperly adjusted the Plaintiff's claim, undervaluing the damage to her home and denying full coverage under the policy. (*Id.*) As a result, the Plaintiff sued the Defendant in the 365th Judicial District Court of Zavala County, Texas, for breach of contract, violations of the Texas Insurance Code, and common law bad faith. (*Id.* at 16–18.) The Defendant removed the case to this Court based on diversity jurisdiction. (*Id.* at 1–2)

Once removed, the Defendant attempted to consolidate this case with another case the Plaintiff filed against it in this Court. (ECF No. 26 at 2.) The second case involves damage to the

same house under the same insurance policy from a plumbing leak during the same policy year. (ECF No. 26 at 2.)  The Court denied consolidation.  (Order Denying Motion to Consolidate, *Vera v. Homesite Ins.*, No. 24-CV-0048 (W.D. Tex.  Nov. 6, 2024), ECF No. 8.)

The Defendant then moved for summary judgment in this case, contending that the Plaintiff failed to show the hailstorm damage is covered under the policy and that the Defendant is liable under the Texas Insurance Code and common law bad faith.  (ECF No. 39 at 1–2).  The Defendant also took issue with the Plaintiff's claimed damages, arguing the Plaintiff untimely supplemented her damage computations, failed to show the Defendant's payments were insufficient, and has yet to explain or prove what property damage she attributes to the hailstorm and what property damage she attributes to the plumbing leak.  (ECF No. 26 at 3.)  After the motion was fully briefed, Judge Watters issued a Report and Recommendation denying summary judgment.  (ECF No. 39.)

## II.  STANDARD OF REVIEW

Parties may object to the proposed findings and recommendations of a Magistrate Judge within fourteen days after service of the Report and Recommendation.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).  Objections to the Report and Recommendation were due October 21, 2025.  No party filed objections.  Thus, the Court need not review *de novo* the pending matter.  *Douglas v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1428 (5th Cir. 1996).  Rather, the Court needs only to review the report and recommendation to determine whether it is erroneous or clearly contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## III.  ANALYSIS

After reviewing the Report and Recommendation, the Court finds no clear error or conclusions clearly contrary to law and therefore adopts the Report and Recommendation.

2

A court must grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. Judge Watters found issues of material fact as to whether the Plaintiff's insurance claims are covered under the insurance policy with the Defendant. (ECF No. 39 at 4–5.)  Because there are genuine issues of material fact as to whether the insurance claims are covered under the insurance policy, Judge Watters properly declined to reach the merits of Plaintiff's claims under the Texas Insurance Code and common law bad faith. (*Id.* at 7.)

With respect to damages, the Court accepts Judge Watters's admission of the Plaintiff's supplemental damages estimate, which creates an issue of material fact as to whether the damages claimed in this case fall under the insurance policy and whether the Defendant's current reimbursement under the policy is sufficient. (*Id.* at 14–17.)  Finally, the Court accepts Judge Watters's reasoning on the potential for double recovery in this case and the omission of damage computations under Fed. R. Civ. P. 26. (*Id.* at 17–20.)

Taken together, Judge Watters recommends this Court deny the Defendant's Motion for Summary Judgment. (*Id.* at 21.)  The Court accepts this recommendation.

### IV.  CONCLUSION

The Court therefore **ADOPTS** the Report and Recommendation [ECF No. 39] and **DENIES** the Defendant's Motion for Summary Judgment [ECF No. 26].

SIGNED and ENTERED on this 30th day of October 2025.

ALIA MOSES
Chief United States District Judge

3